IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARYELLEN BOGDAN,               : | |
|     Plaintiff                                      : | |
|                                                            : | |
| v.                                                  : | Civil Action No. 04-3702 |
|                                                            : | |
| JOANNE BARNHART,                  : | |
| Commissioner of Social Security,   : | |
|     Defendant                                  : | |

## MEMORANDUM OPINION AND ORDER

**RUFE, J.**                                                                                           September 23, 2005

      Plaintiff, Maryellen Bogdan, filed this action pursuant to 42 U.S.C. §405(g), seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act").

      Each party filed a motion for summary judgment. Magistrate Judge Thomas J. Rueter issued a Report and Recommendation ("R&R"), recommending that this Court deny Plaintiff's motion for summary judgment and grant the Commissioner's motion for summary judgment. Although no objections were filed pursuant to Local Rule 72.1, the Court has thoroughly reviewed the record and given full consideration to the legal issues discussed in the R&R, as it must under <u>Henderson v. Carlson</u>.[1] The Court agrees with the well-reasoned opinion of the Magistrate Judge, and approves and adopts the R&R for the reasons set forth below.

---

[1] 812 F.2d 874, 878 (3d Cir. 1987).

I.        **FACTUAL BACKGROUND[2] AND PROCEDURAL HISTORY**

Plaintiff applied for DIB and SSI on December 9, 2002, claiming a disability onset date of September 12, 2001. Her claim was denied and she timely filed a request for a hearing. Administrative Law Judge ("ALJ") Edward Morriss held a hearing on September 16, 2003, and issued a decision on October 29, 2003 finding Plaintiff was not disabled under the Act. Plaintiff then appealed to this Court.

Plaintiff is a 59-year-old woman with a ninth grade education and a recent work history in light, unskilled employment as an office helper for Boscov. She was laid off from this job in September 2001 due to the elimination of her position, as well as other positions in the company. She had worked in this position for three and a half years, longer than any other employee in her department.[3] Previously, she had performed heavy work in a Boscov warehouse for fourteen years, but she was switched to light duty after spraining her back at work.

Plaintiff claims she is disabled by a herniated disc in her neck and a degenerating disc in her lower back. For pain, she takes 800 milligrams of ibuprofen as needed, which does not cause any side effects. She also takes a prescription muscle relaxant, as needed, for extreme pain. She claims she has pain in the lower back and legs, and feels pain in her neck if she reaches. Cold weather worsens her symptoms. Plaintiff also has diabetes, which is treated with oral medication and diet. She complains of periodic blurry vision and fatigue related to her diabetes.

---

[2] The R&R describes the factual background, the Record, and the testimony in this case in much greater detail than this Opinion. The Court adopts Magistrate Judge Rueter's summary of the facts of the case.

[3] Plaintiff alleges that she did look for other light duty work after she was laid off, but was unable to find employment.

Plaintiff also claims she is depressed because she is not working. Shortly before the hearing, on August 23, 2003, she took an overdose of a tri-cyclic antidepressant which she had been given to help her sleep, which resulted in a five-day hospital stay. Prior to this hospitalization, she had no history of treatment for depression. Her suicide attempt appears to have been exacerbated by her 34-year-old son's hospitalization for a bacterial illness related to his drug addiction (crack and intravenous drugs). Her addicted son was living with her at the time he became ill. Notably, her intake record from the hospital indicates that she does not appear to be particularly depressed. However, she was diagnosed with depression and started on antidepressants. At discharge, her Global Assessment of Functioning score was 60 out of 100. Since then, she has been receiving case management for depression and has been taking Zoloft.

## II.    STANDARD OF REVIEW

The Social Security Act provides for judicial review of any "final decision of the Commissioner of Social Security" in a disability proceeding.[4] The Court may enter a judgment "affirming, modifying or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."[5] However, the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive."[6] Accordingly, the Court's scope of review is "limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the

---

[4] 42 U.S.C. § 405(g) (2000).

[5] Id.

[6] Id.

Commissioner's findings of fact."[7]

Substantial evidence has been defined as "more than a mere scintilla" but somewhat less than a preponderance of the evidence, or "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[8]  The standard is "deferential and includes deference to inferences drawn from the facts if they, in turn, are supported by substantial evidence."[9]

To be eligible for DIB, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."[10]  Specifically, impairments must be such that the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kids of substantial gainful work which exists in the national economy."[11]

### III.   DISCUSSION

This case rests upon Plaintiff's residual functional capacities and her ability to perform her past relevant work or other work in the national economy.  The ALJ applied the

---

[7] Schwartz v. Halter, 134 F. Supp. 2d 640, 647 (E.D. Pa. 2001).

[8] Richardson v. Perales, 402 U.S. 389, 401 (1971); Jesurum v. Sec'y of the United States Dept. of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995).

[9] Schaudeck v. Comm'r of S.S.A., 181 F.3d 429, 431 (3d Cir. 1999).

[10] 42 U.S.C. § 423(d)(1)(A) (2000).

[11] Id.

five-step sequential evaluation to her disability claim, but reached only Step Four of the analysis, where he found Plaintiff was still capable of working as an office helper.[12]

At Step One of the sequential analysis for disability, the ALJ found Plaintiff had not engaged in substantial, gainful activity since her alleged onset date (which coincided with her lay-off from Boscovs). At Step Two, the ALJ found that Plaintiff's back injuries and diabetes were severe but that her depression was not as it seemed to be situational and therefore unlikely to last twelve months or more. At Step Three, the ALJ found that Plaintiff did not meet or equal listings 1.00, 9.00 or 12.04. Plaintiff did not appeal the findings at Steps Two and Three.

At Step Four, the ALJ found that Ms. Bogdan was capable of performing her past relevant work as an office helper, and, therefore, found she was not disabled without reaching Step Five. Specifically, the ALJ examined her residual functional capacities. Although Ms. Bogdan's treating neurologist, Dr. Holm, who has consulted with Ms. Bogdan twice a year since 1996, opined that she was limited to sedentary work, the ALJ did not credit this portion of his opinion. The ALJ rejected this opinion primarily because Dr. Holm had regularly and explicitly supported Plaintiff's employment as an office helper (light work) through September 2001 when she was laid off, and there was no medical evidence that her condition had deteriorated significantly since September 2001, with the exception of a finding of mild arthritis in her shoulder in 2003. The ALJ noted that Dr. Holm had consistently found that Plaintiff had no gait

---

[12] The five steps are as follows: 1) the claimant must establish that he is not currently engaging in substantial gainful activity; 2) the claimant must establish that he suffers from a severe impairment; 3) if the claimant demonstrates that his disability meets or equals an impairment listed in 20 CFR Pt. 404, Subpt. P, App. 1, he is considered *per se* disabled and entitled to DIB, and the evaluation process ends there; 4) if the claimant does not satisfy step three, then he must establish that he does not have sufficient residual functional capacity to perform his past relevant work; and 5) if he does so, the burden shifts to the Commissioner to show that the claimant has the residual functional capacity to perform other work which exists in substantial numbers in the national economy. Burns v. Barnhart, 312 F.3d 113, 119 (3d Cir. 2002).

disturbances, and demonstrated normal reflexes, strength, and sensation to pain. A vocational expert also testified that an individual of Plaintiff's age and education and with the functional limitations described by the ALJ could work as an office helper.

In Plaintiff's Motion for Summary Judgment, she argues that the ALJ improperly discounted the objective medical evidence and opinion of Dr. Holm as to her residual functional abilities, and argues that at most she is capable of sedentary work. Both Dr. Holm and consultative examiner Dr. Einsig had reported that Plaintiff is limited to sedentary work, and Plaintiff argues that no medical evidence contradicts this finding. Dr. Holm also noted in a letter to Plaintiff's counsel that her condition is progressive and has worsened since she stopped working. Defendant counters that Plaintiff's demonstrated ability to engage in light duty work through September 2001, her doctor's explicit approval of that level of work, and the lack of objective evidence of any significant change in her medical condition since then, is sufficient to support the ALJ's decision to discount Dr. Holm's opinion that Plaintiff should be limited to light work.

The Court agrees with Defendant, and finds that the ALJ's decision was supported by substantial evidence in the Record. The ALJ's discounting of Dr. Holm's opinion as to Plaintiff's disability was supported by substantial evidence in the record. Plaintiff did not meet her burden of demonstrating her inability to return to her past work.[13]

Plaintiff also argues that she was age 59 at the time of the hearing, not 49 as stated by the ALJ in his decision. Plaintiff claims that a 59-year-old unskilled worker, who could only

---

[13] See Rutherford v. Barnhart, 399 F.3d 546, 551 (3d Cir. 2005)(in the first four steps of the sequential analysis, the burden of proof is on the claimant).

engage in sedentary work per her doctor's opinion, is entitled to benefits as a matter of law under the regulations. 20 C.F.R. 404 Subpart P, Appendix 2, Rule 201.1.

Defendant responds that age and the cited regulations are only relevant at Step Five of the sequential analysis, which the ALJ did not reach. 20 C.F.R. § 404.1560. Furthermore, in the hypothetical situations posed to the vocational expert, the ALJ correctly stated that Plaintiff was 59 years old. Therefore, Defendant argues that this was a harmless, typographical error by the ALJ and not an error of fact or law.

The R&R agreed with Defendant, and the Court concurs that the ALJ's misstatement of Plaintiff's age in his decision was a harmless error, because the ALJ correctly stated Plaintiff's age in his hypothetical to the vocational expert and did not reach Step Five of the sequential analysis for disability.

## VI.     CONCLUSION

For the reasons set forth in the R&R and for the reasons set forth above, the Court finds that there is substantial evidence to support the ALJ's finding that Plaintiff was not disabled under the Act.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARYELLEN BOGDAN,** : | |
| Plaintiff : | |
| : | |
| v. : | Civil Action No. 04-3702 |
| : | |
| **JOANNE BARNHART,** : | |
| **Commissioner of Social Security,** : | |
| Defendant : | |

## ORDER

**AND NOW,** this 23nd day of September, 2005, upon review of the administrative record, Plaintiff's Motion for Summary Judgment [Doc. #8], Defendant's Motion for Summary Judgment [Doc. #9], and the Magistrate Judge Thomas J. Reuter's R & R [Doc. #12] to which there were no objections, the Court hereby **ORDERS:**

1. The R & R is **APPROVED** and **ADOPTED**;

2. Defendant's Motion for Summary Judgment is **GRANTED**;

3. Plaintiff's Motion for Summary Judgment is **DENIED**;

4. Judgement is entered in favor of Defendant and against Plaintiff;

5. The Clerk of the Court shall remove this case from **SUSPENSE** and mark this case **CLOSED** for administrative purposes.

It is so **ORDERED.**

BY THE COURT:

_____
**CYNTHIA M. RUFE, J.**